Filed May 12, 1892.

---

No. 455.

## THE OOLITIC STONE COMPANY OF INDIANA *v.* CROFTON.

MASTER AND SERVANT.—*Action for Value of Services.—Judgment Beyond Allegation of Complaint.*—Where, in an action for the value of personal services alleged to have been performed for the defendant, a judgment is rendered in the plaintiff's favor for the value of services covering a period not embraced in the allegations of the complaint, the judgment must be reversed.

From the Monroe Circuit Court.

*M. F. Dunn* and *G. G. Dunn*, for appellant.

*J. R. East* and *R. H. East*, for appellee.

BLACK, J.—The appellee's complaint against the appellant alleged "that the defendant is a corporation, duly organized under the laws of the State of Indiana, and doing business in Monroe county, in said State ; that said defendant is indebted to the plaintiff in the sum of six hundred dollars for work and labor done and performed by plaintiff for the defendant, as president and general manager of said company, at the instance and request of said defendant,

which sum is due and unpaid, as shown by bill of particulars filed herewith and marked 'A,' and made a part of this complaint. Wherefore plaintiff prays judgment for $600 and all other proper relief."

The bill of particulars was a statement of an account charging the appellant as debtor to the appellee:

" To salary and amount due as president and superintendent of said company from the 3d day of July, 1889, to Jan. 1st, 1890, $600.

The appellant answered in three paragraphs, the first being a general denial, the second an answer of payment, and the third alleging " that before the bringing of this suit all the matters mentioned therein were fully settled between plaintiff and defendant."

The appellee replied by general denial.

The issues were tried by the court, and a special finding was rendered. The appellant excepted to the conclusion of law stated by the court.

Among other facts, the court found that the appellee served as president and general manager of the appellant from July 3d, 1889, to April 24th, 1890; that on the 9th of December, 1889, he was allowed and paid by said company six hundred dollars in payment for his said services for six months, to January 3d, 1890; that on the 24th of April, 1890, he presented his bill, or account, for $370 for services as president and general manager to the date last mentioned; that this account was not allowed or paid, and that his services as president were reasonably worth $50 per month, and his services as general manager were reasonably worth $50 per month.

As a conclusion of law upon the facts found, the court stated that the appellee was entitled to recover from the appellant the sum of $185, and judgment was rendered in his favor for this amount.

We have not found it necessary to set out the special finding in full. It seems that the court concluded that the ap-

pellee was entitled to compensation for his services either as president or as general manager, but not for services in both capacities, without indicating in which capacity he was entitled to be compensated; and it is manifest that the appellee had been paid in full for his services up to the 3d of January, 1890, and that the amount allowed him by the court in its conclusion of law and in the judgment was awarded for services rendered between the 3d of January and the 24th of April, 1890.

Whether, under all the facts stated in the finding, the appellee would be entitled by law to such compensation or to any compensation can not be determined properly in this case, for the action was upon an account for services from the 3d of July, 1889, to the 1st of January, 1890, and the finding shows that for the services rendered during that period, he had been paid, as alleged in the second paragraph of the answer.

The judgment is reversed, and the cause is remanded with instruction to state a conclusion of law in favor of the appellant, and to render judgment accordingly.

Filed May 11, 1892.